UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Vianney Gallegos Abeldanez,**<br><br>　　　　　　　**Plaintiff;**<br><br>　v.<br><br>**Who's Got Soul Southern Café & Catering Inc. and Keith Kash-Robinson,**<br><br>　　　　　　　**Defendant.** | **Case No.**<br>_____<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff Vianney Gallegos Abeldanez ("Plaintiff"), by and through counsel, files this Complaint against Defendant Who's Got Soul Southern Café & Catering Inc. and Keith Kash-Robinson ("Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid overtime wages, liquidated damages, costs, expenses of litigation, and attorneys' fees. Plaintiff alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges, pursuant to Section 216(b) of the FLSA, that she: (i) is entitled to unpaid wages from Defendant for overtime work for which she did not receive overtime premium pay as required by law; (ii) is entitled to liquidated damages

1

pursuant to the FLSA and (iii) is entitled to attorneys' fees and costs of this action pursuant to the FLSA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the present action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b)(2) because the cause of action arose in the Northern District.

4. Divisional venue is proper in the Atlanta Division under Local Rule 3.1(B)(3).

## PARTIES

5. Plaintiff is an adult resident of Georgia.

6. Defendant Who's Got Soul Southern Café & Catering Inc. is a Georgia corporation with its principal place of business at 1098 Herrington Road, Suite 14, Lawrenceville, Gwinnett County, Georgia.

7. Defendant Who's Got Soul Southern Café & Catering Inc. can be served through its registered agent, Yvette Warnick, 1098 Herrington Road, Suite 14, Lawrenceville, Georgia, 30044.

8. Defendant Keith Kash-Robinson is CEO, CFO, and Secretary of Who's Got Soul Southern Café & Catering Inc. He can be served at 1098 Herrington Road Suite 14, Lawrenceville, Georgia, 30044.

9. Defendant Who's Got Soul Southern Café & Catering Inc. and Defendant Keith Kash-Robinson (collectively, "Defendants") maintain and run a restaurant at 1098 Herrington Road, Suite 14, Lawrenceville, Georgia, under the name Who's Got Soul Southern Café and Grill (the "Restaurant").

10. In addition, to being CEO, CFO, and Secretary of Who's Got Soul Southern Café & Catering Inc., Defendant Keith Kash-Robinson is a chef at the Restaurant and exercised day-to-day control over the Restaurant, its employees work hours, and its payroll.

## COVERAGE UNDER THE FLSA

11. Defendant Who's Got Soul Southern Café & Catering Inc. employed Plaintiff from November 2016 to November 2021.

12. At all relevant times, Plaintiff was an "employee" of Defendants and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

13. At all relevant times, Defendants had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. At all relevant times, Defendants were the "employer" of Plaintiff.

15. At all relevant times, Defendants were an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

## FACTS

16. Defendants hired Plaintiff in 2016 to work as a dishwasher and kitchen helper at the Restaurant.

17. Plaintiff's primary job duty was performing menial kitchen work, such as washing dishes and food preparation.

18. In performing her job duties for the Restaurant, Plaintiff did not perform executive functions.

19. In performing her job duties for the Restaurant, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

20. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

21. Plaintiff did not have the authority to hire or fire other employees and neither were her suggestions on hiring, firing, advancement, promotion, or any other change of status of other employees given particular weight

22. Plaintiff worked in excess of 40 hours per week in the large majority of weeks that Plaintiff worked for the Restaurant.

23. Plaintiff was paid a regular rate of pay, but was not paid properly for overtime for those hours worked in excess of 40 hours per week. For those hours in excess of 40 hours per week, the Restaurant did not pay plaintiff one and one-half times her regular rate of pay as required by federal law.

24. The Restaurant paid Plaintiff weekly wages but the Restaurant did not pay plaintiff one and one-half times her regular rate of pay for hours worked in excess of 40 per week, as required by federal law.

25. Plaintiff worked more than 40 hours per week for Defendant.

26. Plaintiff was not paid overtime wages (i.e., time and one-half her regular rate of pay) for hours that worked over 40 hours per workweek.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS- OVERTIME

27. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

28. At all relevant times, Defendants were an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

29. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

30. At all relevant times, Defendants maintained a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours that Plaintiff worked in excess of forty hours per workweek.

31. As a result of Defendants' willful failure to compensate Plaintiff the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendant violated the FLSA.

32. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant for compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

    A.    An award of unpaid compensation for overtime wages to Plaintiff;

    B.    An award of all liquidated damages for unpaid overtime wages to

Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this June 8, 2022.

**HALL & LAMPROS, LLP**

*/s/ Patrick J. Hannon*
Patrick J. Hannon
Ga Bar No. 074321

HALL & LAMPROS LLP
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
patrick@hallandlampros.com

*Attorney for the Plaintiff*

7